## PAHVANT MERCANTILE & INVESTMENT CO. v. WIND et al.

No. 5026. Decided September 29, 1931. (3 Pac. [2d] 257.)

*Tangren & Crafts*, of Delta, for appellant.

*C. D. McNeely* and *A. L. Larsen*, both of Delta, and *Claude F. Baker*, of Eureka, for respondents.

STRAUP, J.

The plaintiff in its complaint alleged that it was the owner of a right of way for an irrigation ditch on a public highway and had the right to use it and that the defendants plowed it up and destroyed it, to plaintiff's damage. The defendants denied the material allegations of the complaint and filed a counterclaim wherein they alleged ownership of the land in question and "that a two rod strip along the northern extremity of said land is devoted to a highway for the use of the public as a right of way for the mere right of passage of the public," and that the plaintiff entered upon the strip and constructed a ditch without the consent and over the protest of the defendants to their damage. A reply was filed to the counterclaim.

The trial was had to the court without a jury. After the trial had commenced, the plaintiff by leave of the court was permitted to file what it called "a supplemental complaint," in which it adopted paragraphs of the original complaint and further alleged that the defendants claimed some right, title, or interest in and to the strip of land upon which there was a ditch and right of way as described in the original complaint; that the ditch and right of way were necessary for the conservation of irrigation water used by plaintiff and that without the use of the ditch and the right of way plaintiff would suffer great and irreparable loss of

water by being required to use other ditches theretofore used by plaintiff; and that the ditch had been located "in the manner that will be the most compatible with the greatest public good and the least private injury" and that plaintiff had secured the permission and consent of Millard county and of other parties interested therein for the right of way of the ditch.

The findings made by the court recite that the action on behalf of the plaintiff on its motion was dismissed and that the cause was submitted on the counterclaim. The court found the facts as alleged in the counterclaim, that the defendants John Wind and Mrs. John Wind were the owners of the land in question, that a two-rod strip on the northern end was devoted to the use of a highway, that the plaintiff had no right, title, or interest thereto or therein, and that it without right or authority and wrongfully constructed a ditch on the strip without the consent of the defendants and over their protest, to their damage in the sum of $25. Judgment was thereupon rendered and entered in favor of the defendants in the sum of $25, and perpetually enjoined and restrained the plaintiff from "asserting any right, title or interest in or to the said land (fully described) or from molesting or interfering with defendants' title or right of possession." The plaintiff appeals.

The principal assignment is that the court erred in failing and refusing to make findings on the supplemental complaint and in refusing to enter a judgment condemning and granting a right of way for an irrigation ditch as prayed in the supplemental complaint; and in finding that the action on behalf of the plaintiff was on its motion dismissed.

The record authenticated and certified and transmitted to this court shows a minute order made and entered in the cause November 22, 1928, that "upon motion of counsel for plaintiff the court orders this case dismissed without prejudice." That was more than a month prior to the making and filing of the findings and the entry of the judgment. The entry of the order of dismissal on the plaintiff's motion is not disputed.

Nearly the whole of the brief of plaintiff is devoted to the proposition that by the supplemental complaint the plaintiff sought to condemn a right of way over the two-rod strip for the purpose of constructing and maintaining an irrigation ditch. In such respect it is ■ urged by the plaintiff that it had commenced this action on the theory that it had obtained the consent of all parties interested to a right of way to construct the ditch; but on the trial, it appearing that there was objection to the use of the right of way, the supplemental complaint by leave of court was filed, which, as claimed by plaintiff, presented the issue to have a right of way condemned under thet law of eminent domain, and that the cause was thereupon tried largely on the supplemental complaint. Hence, what chiefly is urged is that "the court erred when it refused and failed to make findings of fact on the question of eminent domain and to enter a decree permitting plaintiff to use the right of way." When, however, before the findings were made and filed in the cause, the case on plaintiff's motion was dismissed, its complaints in the main action went with the dismissal and left the cause only on the issues presented by the counterclaim upon which findings were made and a decree rendered. The assignment thus must be overruled.

Let this further observation be made: Neither the so-called supplemental complaint considered by itself or in connection with the original complaint states a cause of action for condemnation as provided by chapter 65 of title 117 (sections 7330-7350), Comp. Laws Utah ■ 1917, relating to eminent domain. In the next place, what is called a supplemental complaint is not such; it is more in the nature of an amendment to the original complaint. And, lastly, whether called the one or the other, it was a departure from and inconsistent with the original complaint and in the nature of a new and different cause of action. Hence, in disregarding it, it does not matter much what the court did with it.

Assignments also are made that the findings are not supported by the evidence. The particulars in such respect are not sufficiently pointed out nor discussed. What with respect to the evidence is discussed is in connection with the claimed theory of eminent domain upon which it is urged the court failed to make findings. Not anything is pointed out to show that the findings that John Wind and Mrs. John Wind were the owners of the land in question, that the plaintiff had no right, title, or interest therein, that the plaintiff without right or authority wrongfully entered upon the lands and constructed a ditch, are not supported by a fair preponderance of the evidence, nor is there any showing made wherein any of such findings is not supported by sufficient evidence.

The judgment is affirmed, with costs to the respondents.

CHERRY, C. J., and ELIAS HANSEN, FOLLAND, and EPHRAIM HANSON, JJ., concur.